IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. |
| v. | } } } | COMPLAINT |
| CBS BROADCASTING INC., d/b/a CBS STATIONS GROUP OF TEXAS; KTXA-TV and KTVT-TV | } } } } } | JURY TRIAL DEMANDED |
| Defendant. | } } | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Tammy Dombeck Campbell. As alleged with greater particularity in the paragraphs below, Defendant CBS Broadcasting, Inc. d/b/a CBS Stations Group of Texas, KTXA-TV and KTVT-TV ("Defendant"), discriminated against Tammy Dombeck Campbell by failing or refusing to hire her because of her age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

**COMPLAINT**                                                                                                         1

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been doing business in Dallas-Ft. Worth in the State of Texas, and has continually had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONCILIATION

6. More than thirty days prior to the institution of this lawsuit Tammy Dombeck Campbell filed a charge with the Commission alleging violations of the ADEA, as amended, by Defendant.

7. On April 4, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Age Discrimination in Employment Act was violated and inviting defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 3, 2017, the Commission issued to Defendant a Notice of Conciliation Failure.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least November 2014, the Defendant has engaged in unlawful employment practices at its Dallas/Fort Worth, Texas facilities in violation of Sections 4(a)(1) and (d) of the ADEA, 29 U.S.C. § 623(a) and (d). Specifically, the EEOC alleges that Ms. Campbell began working for Defendant on approximately February 6, 2013 as a freelance non-staff traffic reporter on occasional morning and evening news broadcasts. Her work included backing up the full-time morning traffic reporter.

13. Prior to working for Defendant, Ms. Campbell worked as a full-time traffic reporter for a rival television station in Dallas, Texas. At the time she began working for Defendant, Ms. Campbell already had experience as a traffic reporter in the Dallas market and was knowledgeable of the roadways and traffic problems in the Dallas-Ft. Worth area.

14. On approximately October 31, 2014, the full-time traffic reporter for CBS 11 resigned. Defendant initiated a search for a replacement. Defendant issued a job announcement for the full-time traffic reporter position. The job announcement states that the "ideal candidate" for the position would have on-air traffic reporting experience, as well as a strong knowledge of

local traffic in the Dallas/Fort Worth area.  The "required qualifications" section of the job announcement states: "Applicant must have at least 5 years professional broadcasting experience."

15.     Ms. Campbell applied for the morning full-time traffic reporter position.  She indicated her interest in the full-time traffic reporter position to Defendant's station managers. Ms. Campbell was over age 40 at the time of her application. Her date of birth is Nov. 9, 1972.

16.     Following the resignation of the morning full-time traffic reporter, Ms. Campbell continued to fill in as a freelance, non-staff traffic reporter.

17.     In early December 2014, Defendant offered the morning full-time traffic reporter position to a 27-year-old, less qualified applicant who accepted the position.  At the time, Ms. Campbell was told by Defendant that she was not hired for the full-time traffic reporter position. The 27-year-old applicant did not have any broadcast experience in the Dallas/Fort Worth area nor did she have "a strong knowledge" of local traffic in the Dallas/Fort Worth area.

18.     Before starting work, the 27-year-old applicant withdrew her application, and Defendant resumed its search for a morning full-time traffic reporter. Defendant asked Ms. Campbell to continue working on the morning news broadcast as a freelance, non-staff traffic reporter and Ms. Campbell agreed.  Ms. Campbell again indicated to Defendant's station management that she was interested in being considered for the morning full-time traffic reporter position.

19.     After another search, Defendant offered the full-time traffic reporter position to a 24-year-old, less qualified applicant.  The younger applicant did not have 5 years of professional broadcasting experience.  The younger applicant did not have any broadcast experience in the

**COMPLAINT**                                                                                                                   4

Dallas/Fort Worth area, nor did she have "a strong knowledge" of local traffic in the Dallas/Fort Worth area.

20. The effect of the practices complained of in paragraphs 12-19 above has been to deprive Tammy Dombeck Campbell of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

21. The unlawful employment practices complained of in paragraphs 12-20 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to pay Tammy Dombeck Campbell appropriate back wages and benefits, in an amount to be proven at trial, an equal sum as liquidated damages, and prejudgment interest.

D. Order the Defendant to make Tammy Dombeck Campbell whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practice, including but not limited to rightful-place hiring or front pay in lieu thereof.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

**COMPLAINT**                                                                                                          5

F.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

/s/ Suzanne Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749